UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MISTY CUTSHAW, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | NO. 2:09-CR-117 |
| ) | NO: 2:12-CV-236 |
| UNITED STATES OF AMERICA, ) | Judge Greer |
|     Respondent. ) | |

## MEMORANDUM OPINION

Misty Cutshaw ("Petitioner" or "Cutshaw"), a federal prisoner, has filed a "28 USC 2255 Motion to Vacate Set aside or reduce Sentence by (*Depierre* Claim), [Doc. 235]. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has examined the motion and determined that it plainly appears from the motion and the record of prior proceedings that Cutshaw is not entitled to relief. Therefore, the United States Attorney will not be required to file an answer, motion, or other response and no evidentiary hearing is necessary. Accordingly, the motion will be DENIED.

### I. Procedural And Factual Background

Cutshaw was indicted by the federal grand jury on November 19, 2009, [Doc. 3] as one of nine defendants in a twenty-three count indictment. Cutshaw was charged in Count One with conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); in Counts Eleven, Fourteen and Eighteen with distribution of a quantity of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); in Count Thirteen with distribution of over five grams of cocaine

base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and in Counts Fifteen and Eighteen with possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner subsequently entered into a plea agreement with the Untied States which was filed with the Court on December 18, 2009 in which she agreed to plead guilty to Counts One, Fourteen and Fifteen of the indictment. [Doc. 81]. The Court conducted a change of plea hearing on February 5, 2010 and Cutshaw's guilty pleas were accepted.

At the conclusion of the change of the plea hearing, the Court ordered a presentence report ("PSR"). Although the PSR established an advisory Guidelines sentencing range of 100 to 125 months of imprisonment as to Counts One and Fourteen, the Guidelines range was the mandatory minimum 240 months because of petitioner's prior felony drug conviction. As to Count Fifteen, petitioner faced a 60 month consecutive term of imprisonment, making her undisputed Guidelines range 300 months. A sentencing hearing was held on January 4, 2012 and the government's motion for downward departure, [Doc. 226], was granted. Petitioner was sentenced to a term of 84 months of imprisonment as to Counts One and Fourteen and 60 months consecutive as to Count Fifteen, for a net effective sentence of 144 months. Judgment was entered in the case on January 9, 2012, [Doc. 228], the instant motion to vacate was then timely filed on June 6, 2012.

## II.  Standard of Review

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise

2

open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v.*

*United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III.  Analysis And Discussion

The petitioner appears to make a single claim in her motion: Under the recent United States Supreme Court decision in *DePierre v. United States*, 131 S. Ct. 2225 (2011), the Court must vacate her conviction. Although the precise nature of her claim is not clear, petitioner apparently claims that *DePierre* has "altered the class of persons that the law punishes" and, when applied to her case, means that she cannot be punished under 21 U.S.C. § § 841(a) and (b)(1)(B).

The Supreme Court decision in *DePierre* does not even arguably support petitioner's claim and has no bearing on any legal or factual issue in her case. In *DePierre*, the Supreme Court held that the term "cocaine base" found in 21 U.S.C. § 841(b)(1) means "the chemically basic form of cocaine." *Id*. at 2237. DePierre had asked the district court for a jury instruction that in order to find him guilty of distribution of cocaine base it must find that the offense involved "the form of cocaine base known as crack cocaine." *Id.* at 2231. The First Circuit affirmed the district court's refusal to give the requested instruction, holding that cocaine base in the statute referred to all forms of cocaine base, "including but not limited to crack cocaine." *Id.* at 2231 (quoting *United States v. DePierre*, 559 F.3d 25, 30-31 (1st Cir. 2010)). In other words, "cocaine base" applies more broadly than to just crack cocaine and applies to all forms of cocaine in its basic form. *Id.* at 2231-32.

As noted above, Cutshaw's argument is difficult to discern. As part of her plea agreement in this case, Cutshaw entered into a stipulation of facts necessary to establish an adequate factual basis for her guilty plea. In that stipulation, Cutshaw agreed that she "was making a living selling

4

cocaine base ("crack")," that she "conspired with others . . . to distribute cocaine base ("crack"), "that she distributed [cocaine base ("crack")] from several locations, and that she was responsible for distributing "more than 150 grams, but less than 500 grams [of cocaine base ("crack").

To the extent that Cutshaw's argument is that her case did not involve a substance that violated the provisions of the law under which the defendant was charged in the indictment, that argument clearly fails because Cutshaw admitted that her offense involved "cocaine base (crack)." To the extent she somehow challenges the sufficiency of the evidence used to convict her, that argument likewise fails. Questions of sufficiency of the evidence are not cognizable on a motion under 28 U.S.C. § 2255. *See United States v. Osborn*, 415 F.2d 1021, 1024 (6th Cir. 1969) (*en banc*), *cert. denied* 396 U.S. 1015 (1970) (holding that one may challenge the sufficiency of the evidence on direct appeal from the conviction and the claim is not cognizable in a subsequent § 2255 motion).[1]

Petitioner also points to *United States v. Flaherty*, 295 F.3d 182 (2d Cir. 2000) as "[a]n example of a *DePierree* [sic] error." The reference to that case is somewhat baffling and the case has absolutely nothing to do with the issue raised in *DePierre*. In *Flaherty*, the defendant raised a claim of error under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Although Flaherty was found to be subject to a mandatory minimum sentence, the indictment did not contain any

---

[1] If Cutshaw is arguing that the government is required to prove the chemical composition of the controlled substance and has failed to do so, *DePierre*, the holding of which is decidedly narrow, does not address the type of proof the government must use to prove that the offense involved "cocaine base." *DePierre* merely defines the term "cocaine base." *DePierre*, 131 S. Ct. at 2231-32. In any event, Cutshaw has admitted that she is responsible for a conspiracy to distribute "cocaine base (crack)."

5

allegation as to drug quantity. The drug quantity issue, however, was submitted to the jury for determination under the beyond a reasonable doubt standard through the use of interrogatories. Under those circumstances, the Second Circuit held that, applying plain error review, Flaherty had suffered no prejudice which would affect his substantial rights or seriously affect the fairness, integrity, or public reputation of the proceedings because the quantity issue was actually submitted to the jury and decided beyond a reasonable doubt. If Cutshaw is raising an *Apprendi* claim here, it lacks merit. The quantity necessary to invoke the 60 month mandatory minimum was clearly charged in the indictment and admitted by her at the time of her guilty plea.

### IV. Conclusion

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 will be DENIED and the motion DISMISSED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that

6

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Having examined the petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong.  Therefore, the Court will deny petitioner a certificate of appealability.

A separate judgment will enter.


ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

7

Case 2:09-cr-00117-JRG-MCLC   Document 237   Filed 06/28/12   Page 7 of 7   PageID #: 914