UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MISTY CUTSHAW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:09-CR-117-JRG-MCLC |
| | )      2:13-CV-02-JRG |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

    Federal inmate Misty Cutshaw has filed a counseled motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [Doc. 263].[1] Pursuant to Petitioner's guilty pleas, she was convicted of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) [Doc. 3, Indictment, Count One]; of distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) [*Id.*, Count Fourteen]; and of possessing a firearm, in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 942(c)(1)(A) [*Id.*, Count Fifteen]. She was held accountable for at least 150 grams of cocaine base [Presentence Investigation Report ("PSR"), ¶ 27] and was sentenced to 84 months for the drug offenses and to a consecutive 60 months for the firearm offense, for a total 144-month sentence [Doc. 228].

    In this, likely her second or successive § 2255 motion, Petitioner is asking the Court to set aside her sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. 11-220, 124 Stat. 2372 (2010) ["FSA"] and *Dorsey v. United States*, 132 S. Ct. 221 (2012). The FSA, enacted on

---

[1] Citations to the documents in the record refer to the docket in No. 2:09-CR-117.

August 3, 2010, amended 21 U.S.C. § 841 to require larger amounts of crack cocaine to trigger mandatory minimum sentences, and *Dorsey* held that the FSA's "new, lower mandatory minimums apply to the post-Act sentencing of pre-Act offenders." *Id.* at 2335. The conduct giving rise to Petitioner's crack-cocaine convictions occurred in the summer of 2007 to November of 2009, which, of course, was prior to the enactment of the FSA. Her sentencing occurred January 9, 2012, after the effective date of the FSA. There is no question that *Dorsey* applies to Petitioner.

However, Petitioner previously filed an expedited motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 780 and 782 to the United States Sentencing Guidelines [Doc. 326]. The Court granted her motion in part and lowered her 84-month sentence on the crack cocaine convictions to 63 months which, when added to the mandatory consecutive 60-month sentence for the firearm offense, resulted in a total sentence of 123 months [Docs. 333, 334]. In so doing, the Court explained that, at her original sentencing in January, 2012, she had derived the benefit of the lowered penalty provisions of the FSA since her 84-month sentence amounted to an 82.5 percent reduction from the mandatory minimum of 240 months for the drug offenses—a far greater reduction than was justified by Petitioner's actual substantial assistance to the government [Doc. 333 p.8 n.1].

Because Petitioner seemingly had received the same relief through adjudication of the § 3582(c)(2) motion that she is requesting through means of this § 2255 motion, the Court ordered her to notify the Court whether she wished to pursue her motion to vacate or withdraw it from consideration [Doc. 342].

Petitioner has now notified the Court that the only relief she seeks to be extended is a lowered supervised release term imposed in connection with her 63-month sentence on the

cocaine conspiracy conviction in Count One because all other relief for sentencing has necessarily been taken into account by the relief given in connection with the § 3582(c)(2) motion [Doc. 343 pp.1-2]. Petitioner argues that Post-*Dorsey*, her drug quantity of 150 grams of crack cocaine falls below the minimum 280 grams required for a conviction under 21 U.S.C. § 841(b)(1)(A) and falls instead under 21 U.S.C. § 841(b)(1)(B), which encompasses 28 to 280 grams and provides for a statutory range of 10 years to life imprisonment, to be followed by at least eight years of supervised release, given her prior felony drug conviction [*Id.* at 2]. Petitioner states that the United States, through AUSA Robert Reeves, agrees that it is appropriate to resentence Petitioner to an eight-year term of supervised release in connection with Count One [*Id.*]. Under § 2255, the Court may modify Petitioner's sentence, without conducting a formal resentencing and chooses to do so in this case.

Accordingly, in view of the Government's position, the Court **GRANTS** in part Petitioner's § 2255 motion [Doc. 263], to extent that her ten-year term of supervised release on Count One will be vacated and she will be resentenced to an eight-year term of supervised release. This means that the effective supervised release term for all three convictions is eight years, since the supervised release terms on Counts 14 and 15 are to be served concurrently with the supervised release term in Count One [Doc. 228 p.4]. The Court will enter an order amending the judgment to reflect the eight-year term of supervised release, pursuant to the FSA and *Dorsey*.

The Court now must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal, since she may not appeal a final order in a § 2255 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §2253(c)(1). Issuance of a COA depends on whether a petitioner has made a substantial

showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that, in view of the parties' agreement to the new term of supervised release and Petitioner's implicit withdrawal of all other claims for relief, that the resolution of her claims would not be debatable among jurists of reason and, thus, that she has not made the requisite showing for issuance of a COA.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Therefore, a COA will not issue in this case.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE